UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| LANH DANG HO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, et al.,<br><br>　　　　Defendants. | Case No.  23-cv-03727-RMI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(B)**<br><br>Re: Dkt. No. 21 |

After Plaintiff Lanh Dang Ho brought this action for review of the Commissioner of Social Security's decision to deny benefits, the court remanded the case, and the Commissioner issued a favorable decision. His attorney, Francesco Benavides, now seeks $42,800.00 in attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b). (Dkt. 21.) The Commissioner does not oppose or support the request but asks the court to assess the reasonableness of the requested fees. (Dkt. 23.) For the following reasons, the court **GRANTS** the motion for attorney's fees.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff's application for disability benefits was denied by the agency's initial decision and upon reconsideration and denied by the initial administrative law judge decision, and the Appeals Council denied his request for review. (Administrative Record, Dkt. 12, at 1, 26, 85, 111–12.) Plaintiff subsequently brough this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl., Dkt. 1.) This court granted Plaintiff's motion for summary judgment and remanded the case back to the administrative law judge for further proceedings. (Order, Dkt. 17.) The court then granted the parties' stipulation for attorney fees under the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412, and awarded $7,984.45 in attorney's fees to Plaintiff. (Order, Dkt. 20.)

On remand, the Commissioner granted Plaintiff's application and awarded $200,027.00 in past-due benefits. (Pl.'s Mot. Ex. 1, Dkt. 21-1, at 5; Pl.'s Mot. Ex. 2, Dkt. 21-2.) Under a contingency fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits resulting from a favorable disability decision. (Pl's Mot. Ex. 3, Dkt. 21-3.) In the Notice of Award, Plaintiff was informed that 25% of his past-due benefits amounted to $50,006.75 and that this amount was set aside to pay for his attorney's fees. (Pl.'s Mot. Ex. 1, Dkt. 21-1, at 7.)

## LEGAL STANDARD

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award pursuant to Section 406(b) of the Social Security Act is paid out of a successful claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing Section 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). The court should consider "the character of the representation and the results the

1  representative achieved," and determine "whether the amount [of fees specified in the contingency
2  fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits
3  that are not in proportion to the time spent on the case." *Id.* at 1151. The reasonableness
4  determination is not governed by the lodestar method, because "[t]he lodestar method under-
5  compensates attorneys for the risk they assume in representing [Social Security] claimants and
6  ordinarily produces remarkably smaller fees than would be produced by starting with the
7  contingent-fee agreement." *Id.* at 1150.

**DISCUSSION**

The court finds that counsel has met his burden to demonstrate that the requested fees are reasonable. As noted above, Plaintiff entered into a contingency fee agreement providing for a 25% fee, which is consistent with the statutory maximum. Counsel attested that Plaintiff was notified of the Motion for Attorney's Fees and attached filings, (Pl.'s Mot., Dkt. 21, at 2), and Plaintiff filed no objection to the fee petition by the deadline. There is no evidence that Benavides's performance was substandard; indeed, counsel's representation resulted in Plaintiff receiving $200,027.00 in past-due benefits. Moreover, counsel's fee request of $42,800.00 is less than the fee agreement and statutory maximum would allow, representing about 21.4% of the past-due benefits.[1] *See Matos v. Saul*, 2021 WL 1405467, at *2 (N.D. Cal. Apr. 14, 2021) (awarding 25% under contingent fee agreement where plaintiff received $109,899.60 in benefits upon remand).

Plaintiff's counsel states that he expended 31.7 hours on this litigation, leading to an effective hourly rate of $1,350.15.[2] (Pl.'s Mot., Dkt. 21, at 4.) Although this is over five times the rate counsel charged under the EAJA, it is not an excessive rate compared to other hourly rates approved in the Ninth Circuit for social security contingency fee cases. *See Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting Ninth

---

[1] Counsel also notes that he is requesting $7,200.00 in fees from the Social Security Administration for work performed at the administrative level, and the total of these fees is $50,000.00 which also does not exceed 25% of the past-due benefits awarded.

[2] An additional three hours of legal assistant time were claimed for the purpose of EAJA fees but are not part of Plaintiff's counsel's current motion.

3

1    Circuit cases and finding an effective hourly rate of $2,307.69 to be reasonable); *Ainsworth v.*
2    *Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an
3    hourly rate of $1,325.34 reasonable in social security case under 406(b) and collecting cases);
4    *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036–37 (N.D. Cal. 2003) (approving a multiplier of
5    three to the typical hourly rate for awards under 406(b)). The court is mindful of the Ninth
6    Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee
7    cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of*
8    *Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The court finds that the hours provided based
9    on the work performed are reasonable, as is the effective hourly rate. Further, there is nothing in
10   the record to suggest that any delay in this case was unreasonable or attributable to Plaintiff's
11   counsel's conduct.
12       Moreover, the requested fees are reasonable given the risk assumed by counsel in taking
13   this case on a contingency basis, as the claims had already been denied in multiple administrative
14   proceedings. *See Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method
15   under-compensates attorneys for the risk they assume in representing SSDI claimants . . .");
16   *Ainsworth*, 2020 WL 6149710 at *3 ("Here, Counsel assumed a substantial risk of not recovering
17   attorneys' fees because the claims had been denied after exhausting administrative remedies.");
18   *Lewis v. Dudek*, No. 22-CV-05180-TSH, 2025 WL 1104770, at *2 (N.D. Cal. Apr. 14, 2025) ("the
19   requested fee is also reasonable because of the substantial risk of loss inherently involved in
20   representing Social Security disability claimants."). As such, the requested fee is also reasonable
21   because of the substantial risk of loss. Based on the findings above that there is a valid
22   contingency fee agreement, that the amount of fees requested is not disproportionate to the work
23   performed, that counsel's work was not substandard or unreasonable, that the requested effective
24   hourly rate is reasonable, and that counsel assumed substantial risk in taking this case, the court
25   finds the requested fees are reasonable.
26       Once the court determines that the fee sought under § 406(b) is reasonable, it must account
27   for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796.
28   "Congress harmonized fees payable by the Government under EAJA with fees payable under §

4

406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Id.* Here, the court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Plaintiff the $7,984.45 in EAJA fees previously awarded.

## CONCLUSION

For the reasons stated above, the court **GRANTS** Plaintiff's counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $42,800.00, payable to the Law Offices of Francesco Benavides. The court **ORDERS** the award of attorney fees pursuant to 406(b) to be paid out of Plaintiff's past-due benefits in accordance with agency policy, to the extent that such past-due benefits are available and not used to pay an attorney fee under 406(a). Counsel is **ORDERED** to reimburse Plaintiff the $7,984.45 in EAJA fees to offset the payment of 406(b) fees.

**IT IS SO ORDERED.**

Dated: January 6, 2026

ROBERT M. ILLMAN
United States Magistrate Judge